UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

DIANA DONE,

                         Plaintiff,

v.                                                                CASE # 17-cv-01206

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

─────────────────────────────────────────────

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                IDA M. COMERFORD, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   JEAN MARIE DEL
OFFICE OF REG'L GEN. COUNSEL – REGION II     COLLIANO, ESQ.
  Counsel for Defendant                             RICHARD W. PRUETT, ESQ.
26 Federal Plaza – Room 3904                    LAURA RIDGELL BOLTZ, ESQ.
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record is DENIED, the Defendant's motion for judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born on July 18, 1969 and obtained a General Educational Development (GED) credential. (Tr. 203, 207). Generally, Plaintiff's alleged disability consists of depression, anxiety, and bipolar disorder. (Tr. 206). Her alleged disability onset date is February 12, 2014. (Tr. 383-390). Her date last insured is December 31, 2018. (Tr. 196). She previously worked as a community service aide, cook, teacher aid, receptionist, social worker, clerk, and office clerk. (Tr. 24).

### B.   Procedural History

On February 13, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 169-170, 178-183). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). (Tr. 108). On June 16, 2016, Plaintiff appeared before the ALJ, Gregory Hamel. (Tr. 14). On August 1, 2016, ALJ Hamel issued a written decision finding Plaintiff not disabled under the Social Security Act. (Tr. 11-26). On September 25, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-7). Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has engaged in substantial gainful activity since February 12, 2014, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq).*

3. The claimant has the following severe impairments: posttraumatic stress disorder, major depressive disorder, and polysubstance abuse (20 CF'R 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CF'R Part 404, Subpart P, Appendix 1 (20 CF'R 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can do routine and repetitive tasks only; cannot do tasks requiring public contact or more than occasional interactions with co-workers; and cannot perform tasks with a strong production pace element.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 18, 1969 and was 44 years old, which is defined as younger individual age 18-49, on the alleged disability onset date (20 CPR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CPR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CPR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 12, 2014, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 11-26).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ mischaracterized information from a treating therapist, which

resulted in a decision that was not based on substantial evidence. (Dkt. No. 12 at 11 [Pl.'s Mem. of Law]). Second, the ALJ rejected a portion of the consultative examiner's assessment "based on his elevating his own lay opinion over that of a competent medical opinion" and therefore the RFC finding was not based on substantial evidence. (Dkt. No. 12 at 13).

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ's reasonably assessed the letter provided by the counselor. (Dkt. No. 15 at 14 [Def.'s Mem. of Law]). Second, the ALJ reasonably assessed, and largely adopted, the medical opinion of the consultative examiner. (Dkt. No. 15 at 16).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Therapist Letter

On April 22, 2016, Michelle Christian, Licensed Mental Health Counselor (LMHC), completed a form letter for Plaintiff's representative stating Plaintiff was evaluated by the WCA Outpatient Chemical Dependency Program on February 25, 2016, diagnosed with cocaine use disorder and moderate PTSD, and will be seen on a weekly basis. (Tr. 438). The letter also stated the following:

> It is the general belief of our program that patients enrolled in an outpatient program are capable of working, and, in general, may benefit from doing so. If the patient, or your agency, disagrees with this, or feels they have specific limitations to what they are capable of doing, it is recommended that the patient be assessed by a vocational specialist to determine the parameters of their employability. (Tr. 438).

In his decision, the ALJ accorded great weight "to the opinion of treating therapist, Michelle Christian, LMHC, that the claimant, as a patient enrolled in outpatient services for cocaine use disorder and posttraumatic stress disorder, is capable of working." (Tr. 24). He notes that this opinion is consistent with medical records and Plaintiff's own description of her activities, including performing household chores, preparing simple things to eat, driving, shopping, and spending time with family members. (Tr. 24).

Plaintiff alleges it was an error for ALJ to treat this letter as an opinion and that this error resulted in the ALJ making a finding that was not based on substantial evidence. Plaintiff relies heavily on the case *Rosa v. Callahan* in her argument. *See Rosa* 168 F.3d 72, 81 (2d Cir. 1999). However, that case involved an ALJ erroneously inferring a doctor's silence on the ability to perform sedentary work as consistent with the ability to perform sedentary work. *Id*. The case

before the Court is different because the ALJ did not rely on any inference in reaching the RFC determination. The ALJ did not conclude the Plaintiff was able to work at all exertional levels with no additional limitations. Contrary to Plaintiff's argument that the ALJ "misused" the document to imply Plaintiff was capable of full-time gainful activity, the ALJ's RFC finding included the non-exertional limitations of routine and repetitive tasks, no public contact, no more than occasional interactions with co-workers, and inability to perform tasks with a strong production pace element. (Tr. 21; Dkt. No. 12 at 13). Plaintiff does not identify what part of the RFC was unsupported by substantial evidence or what greater limitations were excluded because of the ALJ's treatment of the statements, but merely seems to disagree with the ALJ's use of the term "great weight." The assertion that the Christian document had a great impact on the outcome of the decision has no support in the entirety of this record.

Any error the ALJ may have made in giving weight to statements that did not constitute an opinion was harmless. The RFC was clearly not based solely on the report from Therapist Christian. As stated by the ALJ, the RFC was "supported by the evidence of record, medical findings, the opinions of the examining physicians, the claimant's level of activity, and the claimant's testimony at the hearing." (Tr. 24). The ALJ did not list Therapist Christian's statement as evidence that supported the RFC. (Tr. 24). Even if the ALJ had not given any weight to the statement by Therapist Christian, the RFC would be unchanged because no limitations were assessed from Therapist Christian's letter. Further, in the paragraph addressing Therapist Christian's letter, the ALJ also discussed an opinion from examining psychologist Frederick Verdonik, Ph.D., that Plaintiff "is unlikely to be able to manage work." (Tr. 24). At the conclusion of the paragraph discussing Therapist Christian and Dr. Verdonik, the ALJ cited 20 CFR 404.1527

and 416.927, stating the ultimate question of disability is reserved to the Commissioner of the Social Security Administration. (Tr. 24).

### B. Dr. Billings' Limitations Were Properly Incorporated Into The RFC

On May 12, 2014, Plaintiff was examined by consultative examiner Rebecca Billings, Ph.D., at the request of the Social Security Administration. (Tr. 325). Dr. Billings opined Plaintiff had no limitations in the ability to follow and understand simple directions and instructions, perform simple tasks independently, to maintain a regular schedule, to learn new tasks, to perform complex tasks independently or to make appropriate decisions. Dr. Billings stated Plaintiff appeared to have moderate range difficulties maintaining attention and concentration and marked difficulties relating adequately with others and appropriately dealing with stress. She concluded it was her opinion these limitations were "the result of inadequately treated mental health symptoms." (Tr. 330-331). The ALJ gave great weight to the first parts of Dr. Billings' opinion but "less weight" to the portion regarding marked limitations, concluding that such limitations are out of proportion to the medical record as a whole as well as the mental status examination findings and the type and degree of treatment needed. (Tr. 23).

Plaintiff argues the ALJ disregarded substantial parts of the opinion and did not specify how the cited evidence was inconsistent with the opinion. Plaintiff further argues the ALJ played doctor and cherry-picked. (Dkt. No. 12 at 14-15). It is the ALJ's responsibility to resolve conflicts in the evidence and to weigh all the available evidence to make an RFC finding that is consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole).; *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ). As such, an ALJ does not have to strictly adhere to the entirety of one medical

source's opinion. *See Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion).

The ALJ did not disregard the marked limitations as asserted by Plaintiff. (Dkt. No. 12 at 14). The RFC limited Plaintiff to routine and repetitive tasks, no performance of tasks with a strong production pace element, no tasks requiring public contact, and no more than occasional interactions with co-workers. (Tr. 21). These limitations are consistent with Dr. Billings' findings on Plaintiff's marked difficulties relating adequately with others and appropriately dealing with stress. It was not an error for the ALJ to use different terms when addressing those limitations. *See Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (holding that an ALJ is not bound to include in the RFC finding every specific limitation assessed by an examiner, so long as the ALJ's reasoning is consistent with the record as a whole).

The ALJ cited the degree of limitations as expressed by Dr. Billings to be out of proportion with the mental status examination findings and type and degree of treatment needed. (Tr. 23). This finding is not playing doctor as alleged by Plaintiff. (Dkt. No. 12 at 14). Although not recited in detail in that particular paragraph, the ALJ's decision properly cited evidence that was contrary to the extreme degree of limitation. *See Woodmancy v. Colvin*, 577 F. App'x 72, 75 (2d Cir. 2014) (summary order) (record evidence of unremarkable clinical findings contradicted or failed to support the limitations conclusions in these opinions). The ALJ discussed Plaintiff's description of household chores, driving, shopping, and spending time with family members. (Tr. 23). He also meticulously discussed the thin record of mental health treatment, including prior to the alleged onset date. (Tr. 19-21). Consistent with Dr. Billings' statement, there is evidence that Plaintiff's symptoms were controlled on medication. (Tr. 253-254, 483). In March 2015, Dr. McMahon-

Tronetti examined the claimant for an intake assessment and observed that Plaintiff displayed anxiety symptoms, but her speech was well-informed and meaningful, her eye contact was fair, her thought process was normal, her general fund of knowledge was fair to good, her memory functioned well, and her attention and concentration were adequate. (Tr. 337). Treating physician Dr. Alam noted Plaintiff was stable and "doing well" on her medication in September 2015. (Tr. 424). In February 2016, nurse practitioner Walter Warriner also noted that while Plaintiff had anxiety symptoms, her mental status examination was largely normal. (Tr. 426). In sum, it was the ALJ's duty to reconcile the extreme degree of limitations with the whole record.

The ALJ assessed at least moderate limitations in the areas Dr. Billings identified, and it is reflected in the RFC. *See Saxon v. Colvin,* No. 13-CV-165, 2015 WL 3937206, at *6 (W.D.N.Y. June 26, 2015) ("The ALJ considered the functional limitations suggested by the medical evidence, including plaintiff's moderate limitation in the ability to learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and deal with stress. These limitations are incorporated into the RFC, which limits plaintiff to simple routine tasks in a low stress, low contact environment.") Therefore, Plaintiff's arguments are really a disagreement with how the ALJ evaluated the evidence. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>;** and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**.

Dated: January 22, 2020  　　　　　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York　　　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge